UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
MICHAEL SMITH,                                           :
                                                         :
                              Petitioner,                :
                                                         :         17-cv-8740 (VSB) (RWL)
               -v-                                       :
                                                         :         **OPINION & ORDER**
SUPERINTENDENT OF ELMIRA                                 :
CORRECTIONAL FACILITY,                                   :
                                                         :
                              Respondent.                :
                                                         :
-------------------------------------------------------- X

Appearances:

Jodi L. Morales
The Law Office of Jodi Morales
Bronx, NY
*Counsel for Petitioner*

Andrew Eric Seewald
New York County District Attorney's Office
New York, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

      Petitioner Michael Smith filed a petition for a writ of habeas corpus pursuant to Title 28, United States Code, § 2254 on November 9, 2017 ("Petition"). (Doc. 1.) Before me is Magistrate Judge Robert W. Lehrburger's June 3, 2019 Report and Recommendation ("Report"), recommending that the Petition be denied in full. (Doc. 22.) Petitioner filed timely written objections to the Report. (Doc. 28.) I have reviewed the Report and Petitioner's objections, and find the Report to be thorough and accurate. For the reasons stated herein, Petitioner's objections are overruled and the Petition is DENIED.

## I. Background and Procedural History

The factual and procedural history is thoroughly set out in the Report, familiarity with which is assumed, and is briefly summarized here merely to provide background and context. Following a jury trial in New York Supreme Court, New York County, Smith was convicted of murder in the second degree, kidnapping in the first degree, gang assault in the first degree, and two counts of criminal possession of a weapon in the second degree. "The jury acquitted Smith of one count of intentional murder, one count of second-degree murder, two counts of first-degree robbery, one count of second-degree robbery, and one count of second-degree criminal facilitation." (Report 1–2.) He was sentenced to an indeterminate prison term of twenty years to life, and remains incarcerated at Elmira Correctional Facility. (Doc. 18 ¶ 2.)

Smith's convictions were affirmed on appeal by the Appellate Division, First Department, and the New York Court of Appeals denied further leave to appeal. *See People v. Smith*, 25 N.Y.3d 1172 (2015); *People v. Smith*, 5 N.Y.S.3d 89 (1st Dep't 2015). Smith's petition for writ of certiorari related to the Appellate Division decision was similarly denied by the Supreme Court. *Smith v. New York*, 136 S. Ct. 826 (2016).

On July 23, 2016, Smith moved to vacate his conviction pursuant to N.Y. C.P.L. § 440.10. The New York State Supreme Court, New York County, denied this motion on November 2, 2016, (Doc. 18, Exh. O), and the Appellate Division, First Department, further denied Smith's N.Y. C.P.L. § 440.10 request on March 16, 2017, (*id.* Exh. Q).

Smith filed the Petition on November 9, 2017. (Doc. 1.) On January 5, 2018, I entered an Order to Answer, (Doc. 6), and referred the Petition to Magistrate Judge Lehrburger for a report and recommendation, (Doc. 7). On April 13, 2018, Smith filed a declaration and memorandum of law in support of the Petition. (Docs. 15, 16.) The Superintendent of Elmira

Correctional Facility ("Superintendent") filed a memorandum of law in opposition on June 1, 2018, (Doc. 19), and the underlying record in Smith's state court proceedings, (Docs. 18, 20). Smith filed a reply on July 2, 2018. (Doc. 21.) Magistrate Judge Lehrburger filed the Report on June 3, 2019, (Doc. 22), and Smith—after receiving an extension—timely filed his objections to the Report on September 5, 2019, (Doc. 28).[1] The Superintendent did not file a response to Smith's objections.

## II. Legal Standards of Review

### A. Review of Magistrate Judge's Report

Reviewing a magistrate judge's report and recommendation, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). I review de novo the portions of the Report to which timely and specific written objections are made. *Id.*; Fed. R. Civ. P. 72(b)(3). "The objection must be 'specific and clearly aimed at particular findings in the R[eport].'" *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "Otherwise, the court will review the R[eport] strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.* (internal quotation marks omitted). Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

---

[1] The objections were initially filed on July 1, 2020, and refiled at the direction of the Clerk's Office due to a filing error on September 5, 2020.

Because Smith was proceeding pro se at the time the Petition was filed, I construe his Petition liberally and interpret it "to raise the strongest arguments [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted). However, this mandate does not apply to Smith's objections to the Report, which were made by counsel.

### B. *Habeas Relief*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Under the first test, "a writ of habeas corpus will issue only if 'a state court's application of federal law . . . is so erroneous that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Duhs v. Capra*, 639 F. App'x 691, 694 (2d Cir. 2016) (quoting *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (per curiam)). "Thus, even a showing of 'clear error' will not suffice." *Id.* (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). A state court's factual findings are presumed correct unless the Petitioner comes forward with clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

### III. Discussion

The Petition challenges Smith's conviction on the following grounds: (1) the sufficiency of the evidence at trial for Smith's conviction for first-degree kidnapping, first-degree gang assault, and second-degree murder; (2) due process violations for lack of fair notice of the

4

charges against him and denial of his right to appeal the prosecution's theory of guilt; and (3) ineffective assistance of counsel. (Petition; Doc. 16.) The Report recommends denial of each of the grounds for relief in part on procedural grounds and in part on the merits. Petitioner asserts three specific objections and various other general objections, all of which I find meritless.

### A.  *First Objection*

Smith objects to the Report on the grounds that Magistrate Judge Lehrburger failed to fully address Smith's *Brady* and actual innocence claims. In ground two of the Petition, Smith states that "[t]he prosecutor's change in theory on appeal . . . establishes petitioner's actual innocence . . . in addition to amounting to a *Brady* violation." (Petition 8.) Additionally, in Smith's memorandum of law in support of the Petition, he includes a section titled "Remaining Arguments" in which he states that "Petitioner hereby incorporates by reference each of the arguments exhausted in the state court, and which are independently listed as grounds for relief in the underlying habeas petition. Petitioner refers to the *Brady* claim in particular, which will be the subject of a discovery motion the undersigned plans to file in the next several weeks."[2] (Doc. 16, at 26.) The Report concluded that "[n]either Smith's *Brady* claim nor the remaining 'incorporated' claims are properly before the Court as Smith has failed to 'specify all the grounds for relief available to the petitioner and state the facts supporting each ground.' *Mayle v. Felix*, 545 U.S. 644, 655 (2005)." (Report 16 n.17 (internal quotation marks omitted).) I agree.

As the Supreme Court observed, although "[i]n ordinary civil proceedings . . . Rule 8 of the Federal Rules of Civil Procedure, requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief[,]' . . . Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement." *Mayle*, 545 U.S. at 649; *Smalls v. Morton*,

---

[2] Smith never pursued a discovery motion related to his alleged *Brady* claim.

No. 19-CV-4220 (LLS), 2019 WL 3282635, at *1 (S.D.N.Y. July 18, 2019) ("A petition for federal habeas corpus relief must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated."). Indeed, the model form used by Smith included the following:

> For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have a more than four grounds. State the facts supporting each ground
>
> CAUTION: . . . [I]f you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

(Petition 6.) The form also warned that when listing his grounds for relief, Petitioner should not "argue or cite law," but should "[j]ust state the specific facts that support [his] claim." (*Id.*) Even reading the Petition liberally because of Smith's pro se status, Smith has not complied with these requirements, and never pursued any discovery motion in support of his *Brady* claim as he stated he would in his memorandum of law. Reviewing the Petition, Smith has failed to include any facts whatsoever that would support an actual innocence or *Brady* claim. Accordingly, I overrule Smith's first objection to the Report.

### B. *Second and Third Objections*

Smith's second and third objections criticize the Report's analysis of Smith's sufficiency of the evidence of kidnapping claim and whether Smith received fair notice of the prosecution's theory of liability, which Smith argues changed on appeal. Smith argues that the Report misinterprets the Petition's first ground for relief regarding the sufficiency of the evidence claim, and further fails to recognize that the prosecution argued a different interpretation of the evidence on appeal, underscoring the lack of constitutional notice of the charges.

Although Smith claims that the Report "incorrectly conclud[ed] that Petitioner is arguing a different legal insufficiency claim regarding kidnapping," (Doc. 28, at 2), than he did on appeal, this objection relates to the Report's finding that Smith's insufficiency argument was procedurally barred.  However, Smith's objections do not challenge the Report's alternative discussion of the merits, and conclusion that the "First Department's holding that there was sufficient evidence to support kidnapping was not 'objectively unreasonable' and must be adhered to by this Court." (Report 29.)  Accordingly, I review this portion of the Report for clear error, and find the Report's discussion of the merits of Smith's sufficiency of the evidence claim to be thorough and accurate, and I therefore adopt the Report's analysis of the merits of Smith's claim.  Smith's objections could be overruled on this basis alone.

Regarding Smith's objection to the Report's assessment of whether the prosecution gave Smith fair notice of the charges against him, even reviewing the claim de novo, it is clear from the record that Smith did not adequately exhaust his claim in front of the New York Court of Appeals.  "Under 28 U.S.C. § 2254(b), applicants for habeas relief serving state sentences must first exhaust all state remedies." *Ramirez v. Attorney Gen. of the State of New York*, 280 F.3d 87, 94 (2d Cir. 2001).  "State remedies are deemed exhausted when a petitioner has:  (i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Id*. (citing *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)).  "Even if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it is, as a result, then procedurally barred under state law." *Id*.  However, review of a claim that has not been presented to the highest state court or preserved will "be subject to the cause and prejudice

standard before reaching the merits." *Id*. Here, although Smith's reply brief in the First Department argued fair notice under federal law, (Doc. 18 Exh. G, at 6), Smith's request for leave to appeal to the Court of Appeals did not present this claim, (Doc. 18 Exh. I). Because "Petitioner makes no showing of cause or of prejudice"—as his federal fair notice claims was merely abandoned in his application to the New York Court of Appeals—the claim "must therefore be dismissed without reaching the merits." *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991).

### C. *Remaining Objections*

Smith objects to the Report's conclusion that several of Smith's federal claims were procedurally barred, although Smith does not specifically list each of the claims that he contends were not barred. As his objection notes, it "rel[ies] upon the arguments outlined in his reply and prior memorandum of law," (Doc. 28, at 8), and I therefore review this objection to the Report under a clear error standard. The Report is detailed and thorough in discussing the procedural bars to which Smith now objects; therefore, I find no clear error in these portions of the Report, and I adopt the Report's conclusions recommending denial of these claims.

Additionally, Smith objects to the "[R]eport's claim that appellate counsel abandoned several issues by not including them in her application for leave to the Court of Appeals." (Doc. 28.) The basis for Smith's objection is the suggestion that "[t]ogether with her criminal leave letter, appellate counsel submitted each of the appellate court briefs, which fully outlined the issues the report now suggests are unexhausted." (*Id.* at 9.) Smith's objections rests on an improper reading of Second Circuit exhaustion law. Because New York's "highest state court exercises discretionary jurisdiction," the Second Circuit has, on multiple occasions, assessed whether presentation of a claim to the New York Court of Appeals suffices for purposes of §

8

2254(b)'s exhaustion analysis.  *Ramirez*, 280 F.3d at 94; *see also Smith v. Duncan*, 411 F.3d 340, 345 (2d Cir. 2005) ("Generally 'we assume that the Court of Appeals would construe a petitioner's leave application as abandoning claims that the petitioner had pressed to the Appellate Division below' where those claims were not presented to the New York high court for review." (quoting *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005)); *Jordan v. Lefevre*, 206 F.3d 196, 198–99 (2d Cir. 2000); *Grey*, 933 F.2d at 120–21 (holding that claims were not adequately presented where a petitioner requested review by the New York Court of Appeals of only one of three issues presented to the Appellate Division).  As I have previously held, a "letter application's reference to Petitioner's Appellate Division briefs [is] insufficient to present his remaining claims to the New York Court of Appeals, because '[w]here a letter application for leave to appeal to the New York Court of Appeals is silent as to a particular claim, but refers to defendant's Appellate Division brief, the "[r]eferences to attached briefs without more will preserve issues only if the Court of Appeals is clearly informed that the reference is asserting issues in those briefs as bases for granting leave to appeal."'"  *Wynn v. Lee*, No. 11-CV-3650 (VSB) (SDA), 2020 WL 2489733, at *6 (S.D.N.Y. May 13, 2020) (quoting *Acevedo v. Lempke*, No. 10 Civ. 5285(PAE)(HBP), 2013 WL 6988602, at *5 (S.D.N.Y. Oct. 24, 2013), *report and recommendation adopted*, No. 10 Civ. 5285(PAE)(HBP), 2014 WL 148601 (S.D.N.Y. Jan. 14, 2014) (quoting *Ramirez*, 280 F.3d at 97)); *see also Jordan*, 206 F.3d at 198–99 ("Arguing a single claim at length and making only passing reference to possible other claims to be found in the attached briefs does not fairly apprise the state court of those remaining claims.").  Accordingly, Smith's final objection is overruled.

  I have otherwise reviewed the remainder of the Report for clear error, and finding none, adopt the remainder of the Report in its entirety.

9

### IV. Conclusion

For the reasons stated above, Smith's objections are overruled and his petition for a writ of habeas corpus is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). The Clerk is directed to close the case.

SO ORDERED.

Dated: September 29, 2020
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge